UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Brady and William Grimm, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund; Fred Chase and Jeff Seipel, as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Scott Weicht and James Hegge, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors,<br><br>        Plaintiffs,<br>v.<br><br>Construction Concepts of Austin, Inc.,<br><br>        Defendant. | Civil No. 05-2170 (PAM/RLE)<br><br><br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiffs' Motion for a Default Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Plaintiffs are trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund; the Minnesota Laborers Pension Fund; the Minnesota Laborers Vacation Fund; the Construction Laborers' Education, Training and Apprenticeship Fund of Minnesota and North Dakota; and the Minnesota Laborers Employers Cooperation and Education Trust (hereinafter "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002, and were established to provide pension, health and welfare, and vacation benefits, as well as training,

to employees performing labor in the construction industry.

In July 2004, Defendant Construction Concepts of Austin, Inc. entered an agreement, which bound Defendant to a collective bargaining agreement between the Metropolitan Builders Division of Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, and the Laborers District Council of Minnesota and North Dakota until April 30, 2007.

Article 22 of the collective bargaining agreement details Defendant's obligations relating to fringe benefits for employees covered by the collective bargaining agreement. Under Article 22, Defendant must make monthly fringe benefit contributions to the Funds on behalf of each bargaining unit employee, consistent with a wage rate matrix set forth in the collective bargaining agreement. Defendant must submit the contributions on or before the fifteenth day of the following month. Article 22 also requires Defendant to make its employment and payroll records available for examination and audit by Plaintiffs whenever Plaintiffs deem an audit is necessary to determine whether Defendant has properly complied with its contribution obligations. In addition, Article 22 provides that an employer who is delinquent in payment of the monthly contributions must pay the Funds liquidated damages equal to ten percent of the unpaid contribution amount. Finally, Article 22 provides that a delinquent employer must pay all costs of collection incurred by the Funds, including all attorneys' fees and court fees.

According to Plaintiffs, Defendant either failed to submit or untimely submitted fringe

benefit fund reports and contributions for the months of May 2005 through November 2005.[1] Since this litigation began, Defendant has submitted fringe benefit fund reports, contributions, and liquidated damages due for the months of May 2005 through September 2005. However, Defendant has not submitted fringe benefit fund reports or contributions for October 2005 and November 2005. Accordingly, Plaintiffs now seek the allegedly delinquent fringe benefit reports and contributions for October 2005 and November 2005, as well as liquidated damages and costs incurred in collecting the allegedly delinquent amount.

**DISCUSSION**

Plaintiffs move for a default judgment against Defendant. Plaintiffs filed a Summons and Complaint on September 19, 2005. Plaintiff served the Summons and Complaint on Defendant on September 21, 2005. Defendant has failed to plead or otherwise defend against the Complaint. Accordingly, default judgment is proper. See Fed. R. Civ. P. Rule 55(a).

**CONCLUSION**

Based on all files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Default Judgment (Clerk Doc. No. 4) is **GRANTED**;

2. Within ten days of service of this Order, Defendant shall submit the fringe benefit contribution reports for the months of October 2005 and November 2005, if they have not already been submitted, to the offices of Zenith

---

[1] Although Plaintiffs commenced this action in September 2005, the Complaint alleges that fringe benefit reports and contributions will continue to become due during the pendency of this litigation.

3

        Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, Minnesota 55120. The fringe benefit contribution reports shall correctly identify hours worked pursuant to the collective bargaining agreement;

3. Defendant shall pay Plaintiffs the fringe benefit contributions of all of the hours reported, plus liquidated damages in the amount of ten percent of the delinquent contributions for the months of October 2005 through November 2005; and

4. If Defendant fails to make payments required by this Order, Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by an affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 5, 2006

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge